Carlton A. Fisher, J.
On or about the 30th day of August, 1965, the petitioner, a Negro, filed a verified complaint with respondent commission, in which he charged the respondents Lytle, a real estate broker, and Galvin, a salesman, with violation of section 296 (subd. 5, par. [c], subpar. [1]) of the Law Against Discrimination, which is article 15 of the Executive Law. After filing the complaint it was subsequently amended to add an allegation of discriminatory practice in violation of subdivision 6 of section 296.
The Investigating Commissioner, duly appointed under the procedures outlined in section 297 of the Executive Law, made a finding that there was probable cause to credit the allegations of the complaint and a public hearing was held at which testimony was taken from the parties.
The petitioner, when he gave testimony at the hearing, was asked what his purpose was in applying at the real estate office of the respondent Lytle. He testified in answer to that question, that he was a member of the Housing Opportunities Made Equal, Inc., engaged in activities in the area of civil rights with particular regard to seeking full and equal access for minority groups to housing and that he was acting as a tester for the purpose of obtaining information as to whether the agency operated by the respondent Lytle was engaged in discriminatory practices under the Executive Law.
After hearing the evidence the commission held that this petitioner was not, in fact, seeking housing for himself or any other person but rather testing the practice of the respondents; he was not a ‘ ‘ person claiming to be aggrieved ’ ’ within the meaning and intent of section 297 of the Executive Law, and as a result no findings were made on the substantive issues raised by the complaint itself and the complaint was dismissed.
That leaves the sole issue before this court to be whether the respondent commission erred in holding that the petitioner is not an aggrieved person within the meaning of the Executive Law.
The complaint was made by the petitioner as an individual and was not made on behalf of any civil rights organization, whereas, in fact, the complainant was a tester for the civil rights *1043 organization that was an interested party. The commission determined that in order to have standing an individual complainant should actually be seeking a housing accommodation for himself or another person. The petitioner challenges the determination of the commission and contends that there should be no prerequisite such as to be seeking housing accommodations for himself or another person imposed upon the petitioner in order to become a proper party. This does not comply with the language and purpose of the statute.
Since enactment the statute has been reviewed over the years by the Legislature, but as to the requirement for filing an individual complaint it has remained for all substantial purposes unchanged. Section 297 still requires that an individual complainant be a person “ claiming to be aggrieved.” Numerous bills seeking to eliminate the phraseology “ claiming to be aggrieved” have been introduced in both houses of the State Legislature and the phraseology “ claiming to be aggrieved” still remains in the statute. The commission was warranted in determining that the petition was not filed by a person aggrieved and that the complaint was of a tester, which he admits, who was not seeking housing for himself or anyone else. It was the prerogative of the commission to determine whether the petitioner satisfied the statutory requirement of being an aggrieved person in order to maintain his complaint.
The commission determined he was not such a person and its determination was based upon a rational, factual and legal basis and as such should be upheld.
The application should be denied and the commission’s findings and order should be affirmed.